IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MRC ENERGY COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-2003-K |
| | § | |
| U.S. CITIZENSHIP AND | § | |
| IMMIGRATION SERVICES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff MRC Energy Company's Motion for Summary Judgment (Doc. No. 25). The Court has carefully considered the parties' briefing, the certified administrative record ("CAR"), and the applicable law. For the following reasons, the Court **GRANTS** Plaintiff's Motion for Summary Judgment. This case is hereby **remanded** to U.S. Citizenship and Immigration Services for further proceedings consistent with this Memorandum Opinion and Order.

## I.    Background

The facts are not in dispute in this case. Plaintiff MRC Energy Company ("Plaintiff") is an independent oil and gas exploration company with its principal place of business in Dallas, Texas. Pl's Compl. (Doc. No. 1) at 4. Plaintiff has access to

ORDER – PAGE 1

different hunting properties located in the United States and "provides hunting experiences for its high valued partners, shareholders, and stakeholders" as well as non-hunting (e.g., wildlife photography) experiences. *Id.* at 7. During the various hunting seasons, those trips occur regularly and require "significant logistical planning and coordination." *Id.* Moreover, the hunting camps and surrounding habitats on these properties "require year-round management by a professional guide with knowledge of and experience in extensive camp construction and maintenance, habitat management, and conservation." *Id.* To fill that role, Plaintiff hired Mr. Roy Ludick in October 2017 as Plaintiff's Hunting Property Guide/Coordinator. *Id.* at 8; Certified Administrative Record ("CAR") (Doc. No. 22-1) at 43.

Mr. Ludick, a citizen of Zimbabwe, is a hunting guide and coordinator, having more than 15 years experience and holding a Zimbabwe Professional Hunter and Guide License, which is administered jointly by the Zimbabwe Professional Hunters & Guides Association ("ZPHGA") and the governmental Zimbabwe Parks and Wildlife Management. Pl's Compl. at 7; *id.* at 42, 345. Mr. Ludick served as Chairman of the ZPHGA and, from 2006-2017, served as an examiner, including as Chief Examiner, of the joint examination committee of the ZPHGA and the Zimbabwe Parks and Wildlife Management. Pl's Compl. at 8; CAR at 7, 8, 42, 344. Mr. Ludick has twice been recognized by the ZPHGA for "Most Outstanding Contribution to the Association and

ORDER – PAGE 2

Industry", first in 2006 and then again in 2016.  Pl's Compl. at 8; CAR at 5, 42.  Mr. Ludick has also managed and led hunting excursions for several safari companies in Zimbabwe offering both big game hunting and photography.  Pl's Compl. at 8; CAR at 344.  Mr. Ludick holds bachelor's degrees in Zoology and Geology and an Honors degree in Zoology from Rhodes University in Grahamstown, South Africa.  Pl's Compl. at 8; CAR at 42, 343.

On February 12, 2019, Plaintiff filed an I-140 visa petition ("I-140 Petition") with Defendants U.S. Citizenship and Immigration Services and Ken Cuccinelli, II, former Acting Director of  USCIS, (collectively "USCIS"), on behalf of Mr. Ludick to permit him to be permanently employed as Plaintiff's hunting guide/coordinator.  Pl's Compl. at 9; CAR at 3.  Plaintiff submitted this I-140 Petition seeking employment-based first ("EB-1") classification for Mr. Ludick, as an alien of "extraordinary ability".  *Id.*  In support, Plaintiff presented "a letter describing the Hunting Property Guide/Coordinator position and Mr. Ludick's qualifications in detail, along with letters from industry experts about the reputation of the ZPHGA and the Zimbabwe Professional Hunter and Guide License, copies of and information about his awards, articles published about Mr. Ludick in major trade publications, and evidence that the $110,000 salary offered to Mr. Ludick was significantly high in relation to other in the field."  Pl's Compl. at 9; *see* CAR at 193-401.

ORDER – PAGE 3

USCIS issued a Request for Evidence ("RFE") dated February 22, 2019.  Pl's Compl. at 9; CAR at 12-19.  The RFE recognized that Plaintiff submitted evidence for seven of the ten regulatory criteria in an attempt to demonstrate Mr. Ludick as an individual of "extraordinary ability".  CAR at 14.  USCIS then noted "the areas of insufficiency" as to each of the criterion, but also indicated what types of documentary evidence Plaintiff could submit in response to remedy the insufficiencies.  *Id.*  Plaintiff submitted a timely response which included additional documentary evidence in an attempt to address the deficiencies.  Pl's Compl. at 9; *see* CAR at 20-32.  On April 23, 2019, USCIS issued its decision ("Denial Letter") denying Plaintiff's I-140 Petition. Pl's Compl. at 11; CAR at 4.  USCIS concluded that Plaintiff's evidence satisfied one criterion—Mr. Ludick's ability to command a high salary.  CAR at 8.  However, USCIS concluded Plaintiff's evidence did not satisfy the other six criteria.  *Id.*  Because Plaintiff failed to establish Mr. Ludick met at least three of the threshold evidentiary criteria, USCIS did not find Mr. Ludick to be an individual of extraordinary ability.  *Id.* Accordingly, the I-140 Petition was denied.  *Id.*

Plaintiff initiated this action in which it seeks judicial review of USCIS's decision under the Administrative Procedure Act ("APA").  Plaintiff alleges generally that USCIS's decision "makes fundamental factual errors, ignores substantial evidence, and is based upon clear errors of law."  Pl's Compl. at 11.  Plaintiff filed its Motion, asking

ORDER – PAGE 4

the Court to grant judgment as a matter of law in Plaintiff's favor with a declaration from the Court that USCIS's decision violated the APA as well as issue an order vacating USCIS's decision and remanding to USCIS with instructions it approve Plaintiff's I-140 Petition.  USCIS argues Plaintiff cannot meet its burden and moves the Court for summary judgment in its own favor, thereby affirming its decision to deny Plaintiff's I-140 Petition.

## II.    Legal Standards and Applicable Law

When the action of an agency is challenged under the Administrative Procedure Act ("APA"), "summary judgment is the proper mechanism for deciding, as a matter of law, whether an agency's action is supported by the administrative record and consistent with the APA standard of review." *Delta Talent, LLC v. Wolf*, 448 F.Supp.3d 644, 650 (W.D. Tex. 2020) (quoting *Am. Stewards of Liberty v. U.S. Dep't of Interior*, 370 F.Supp.3d 711, 723 (W.D. Tex. 2019)).  "Thus, in evaluating a case on summary judgment, the court applies the standard of review from the APA." *Am. Stewards*, 370 F.Supp.3d at 723.

### A.    Summary Judgment

"Summary judgment is required when 'the movant shows that there is no dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting Fᴇᴅ.R.Cɪᴠ.P. 56(a)).  A

ORDER – PAGE 5

dispute of a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  If the moving party will have the burden of proof on a claim, "the party 'must establish beyond peradventure all of the essential elements of the claim.'" *Eguchi v. Kelly*, Civ. Action No. 3:16-CV-1286-D, 2017 WL 2902667, at *1 (N.D. Tex. July 7, 2017)(Fitzwater, J.) (citing *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th 1986)).  "This means that the moving party must demonstrate that there are no genuine and material fact disputes and that the moving party is entitled to summary judgment as a matter of law." *Id.* (citing *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)).  "[T]he 'beyond peradventure' standard is 'heavy.'" *Id.* (internal citations omitted).

Once the movant satisfies his burden, the nonmovant may not rest on the pleadings, but must present competent summary judgment evidence showing a genuine fact issue for trial exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc).  "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996)(en banc) (nonmovant may

ORDER – PAGE 6

satisfy this burden by providing depositions, affidavits, and other competent evidence; not with "conclusory allegations, speculation, and unsubstantiated assertions."). If the nonmovant fails to meet this burden, summary judgment must be granted. *Celotex*, 477 U.S. at 322.

All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant, and all disputed facts resolved in favor of the nonmovant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Boudreaux v. Swift Transp. Co.*, Inc., 402 F.3d 536, 540 (5th Cir. 2005).

### B.   Administrative Procedure Act

It is not disputed that USCIS's decision is final for purposes of the APA. *See* 5 U.S.C. §§ 551(13) & 704. When an agency action has been challenged under the APA, the district court sits as an appellate court. *Redeemed Christian Church of God v. U.S. Citizenship and Immigrations Servs.*, 331 F.Supp.3d 684, 694 (S.D. Tex. 2018). "The entire case on review is a question of law." *Id.* (internal citations omitted). "[I]t is the role of the agency to resolve factual issues to arrive at a decision that is supported by the administrative record, whereas the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Id.*

ORDER – PAGE 7

The decision by USCIS to deny a visa application can be "reversed only if the decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Nat'l Hand Tool Corp. v. Pasquarell*, 889 F.2d 1472, 1475 (5th Cir. 1989) (citing 5 U.S.C. § 706(2)(A)); *see Defensor v. Meissner*, 201 F.3d 384, 386 (5th Cir. 2000) ("Under the [APA], agency action is reviewed solely to determine whether it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."). The agency's decision is considered to be arbitrary and capricious "only when it is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Wilson v. U.S. Dep't of Agric.*, 991 F.2d 1211, 1215 (5th Cir. 1993). "Although a reviewing court is bound to ensure that the [USCIS] engaged in 'reasoned decision-making' in denying an application, the [USCIS] is entitled to considerable deference in its interpretation of the governing statute." *Nat'l Hand Tool*, 889 F.2d at 1475; *see Knapp*, 796 F.3d at 453 ("The arbitrary and capricious standard is highly deferential.").

"[T]he reviewing court 'must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.'" *Marsh v. Oregon Nat. Res. Council*, 490 U.S. 360, 378 (1989). "Thus, if the agency considers the [relevant] factors and articulates a rational relationship between the facts found and the choice made, its decision is not arbitrary and

capricious." *Delta Found., Inc. v. U.S.*, 303 F.3d 551, 563 (5th Cir. 2002) (internal citation omitted); *Redeemed Christian Church of God*, 331 F.Supp.3d at 694 ("Arbitrary and capricious review focuses on whether an agency articulated a rational connection between the facts found and the decision made. . . .").

### C.    Visa for Alien of Extraordinary Ability

An employment-based visa petition may be filed by or on behalf of "an alien of extraordinary ability in the sciences, arts, education, business, or athletics." 8 C.F.R. § 204.5(h)(1). An immigrant qualifies as an alien having extraordinary ability where:

> (i) the alien has extraordinary ability in the sciences, arts, education, business, or athletics which has been demonstrated by sustained national or international acclaim and whose achievements have been recognized in the field through extensive documentation,
> (ii) the alien seeks to enter the United States to continue work in the area of extraordinary ability, and
> (iii) the alien's entry into the United States will substantially benefit prospectively the United States.

*Id.* "Extraordinary ability" is defined in the enabling regulation as "a level of expertise indicating that the individual is one of that small percentage who have risen to the very top of the field of endeavor." § 204.5(h)(2). This type of visa petition must include "evidence that the alien has sustained national or international acclaim and that his or her achievements have been recognized in the field of expertise." § 204.5(h)(3). This can be proven through evidence of a one-time major, internationally recognized award or at least three of the following ten criteria:

ORDER – PAGE 9

(i)  Documentation of the alien's receipt of lesser nationally or internationally recognized prizes or awards for excellence in the field of endeavor;

(ii)  Documentation of the alien's membership in associations in the field for which classification is sought, which require outstanding achievements of their members, as judged by recognized national or international experts in their discipline or fields;

(iii) Published material about the alien in professional or major trade publications or other major media, relating to the alien's work in the field for which classification is sought.  Such evidence shall include the title, date, and author of the material, and any necessary translation;

(iv) Evidence of the alien's participation, either individually or on a panel, as a judge of the work of others in the same or an allied field of specification for which classification is sought;

(v) Evidence of the alien's original scientific, scholarly, artistic, athletic, or business-related contributions of major significance in the field;

(vi) Evidence of the alien's authorship of scholarly articles in the field, in professional or major trade publications or other major media;

(vii) Evidence of the display of the alien's work in the field at artistic exhibitions or showcases;

(viii) Evidence that the alien has performed in a leading or critical role for organizations or establishments that have a distinguished reputation;

(ix) Evidence that the alien has commanded a high salary or other significantly high remuneration for services, in relation to others in the field; or

(x) Evidence of commercial successes in the performing arts, as shown by box office receipts or record, cassette, compact disk, or video sales.

*Id.*

Once the petitioner has submitted evidence satisfying at least three of the ten criteria, USCIS then moves to the second step of making a final determination whether

the totality of the evidence shows the immigrant "sustained national or international acclaim" and "is one of that small percentage who have risen to the very top of the field of endeavor." § 204.5(h)(2) & (3); *see Kazarian v. U.S. Citizenship and Immigration Servs.*, 596 F.3d 1115, 1119-20 (9th Cir. 2010).  "The scant case law indicates that 'the regulations regarding this preference classification are extremely restrictive.'"  *Id.* at 1120.  The visa applicant has the burden of establishing eligibility.  *Nat'l Hand Tool*, 889 F.2d at 1475.

## III.   Analysis

Plaintiff does not contend that Mr. Ludick received a one-time major, internationally recognized award thereby evidencing his extraordinary ability.  Instead, Plaintiff submitted evidence on seven of the ten criteria to show Mr. Ludick "sustained national or international acclaim and that his . . . achievements have been recognized in the field of expertise."  § 204.5(h)(3).  In its Denial Letter, USCIS determined that Plaintiff's evidence showed Mr. Ludick commands a high salary compared to others in his field, so Plaintiff satisfied the high salary criteria.  *Id.* (h)(3)(ix); CAR at 8. Therefore, Plaintiff need only establish USCIS's denial was arbitrary and capricious as to two other criteria in order to satisfy the initial evidentiary step.

In its Motion, Plaintiff challenges USCIS's decision as to six of the ten criteria, arguing USCIS "ignored and misconstrued [Plaintiff's] evidence, impermissibly

imposed extra-regulatory requirements on Plaintiff, and applied an evidentiary standard in excess of the appropriate 'preponderance of the evidence' standard, all in violation of the APA." Mot. (Doc. No. 25) at 1.  Because of these alleged errors, USCIS's denial of Plaintiff's I-140 Petition was arbitrary, capricious, and in violation of the law which, Plaintiff contends, requires the Court to vacate the decision and to remand to USCIS with instructions to approve the I-140 Petition.  In response, USCIS argues that Plaintiff cannot meet its summary judgment burden for several reasons. First, USCIS asserts that Plaintiff is essentially asking the Court to re-weigh the evidence which the Court cannot do under the APA standard of review.  Next, USCIS contends that it did not apply the wrong standard in assessing the I-140 Petition and the evidence submitted in support.  Finally, USCIS argues that even if the Court were permitted to re-weigh the evidence, the record would not support a determination that USCIS violated the APA in denying Plaintiff's I-140 Petition.  In its Reply, Plaintiff re-urges that it is not asking the Court to reweigh the evidence or substitute its judgment, but rather to ensure that the proper evidentiary standard was applied by USCIS in evaluating the I-140 Petition.

### A.    Applicable Evidentiary Standard

Plaintiff argues USCIS did not apply the proper standard, preponderance of the evidence, in assessing its I-140 Petition.   Plaintiff takes issue with USCIS's

consideration, or lack thereof, of the expert opinion letters Plaintiff submitted as evidence of Mr. Ludick's original contributions to the field.  Mot. at 6.  Although not as clearly articulated, Plaintiff also appears to challenge USCIS's denial "more broadly" with respect to the evidentiary standard applied in evaluating the I-140 Petition as a whole. USCIS responds that Plaintiff's argument about the letters boils down to a dispute over the weight USCIS afforded them.  USCIS also responds that the Court cannot find that USCIS applied the wrong evidentiary standard where the Denial Letter itself shows the decision was based on the proper standard.

### 1.     "Broad" Challenge

The Court turns first to Plaintiff's argument that USCIS applied the wrong standard of proof in making its decision.  This argument is not entirely clear and the Court is uncertain if Plaintiff intended for this argument to apply to its challenge of USCIS's decision on each specific criterion, which the Court addresses below. In an abundance of caution, the Court addresses this as a "broad" challenge to the evidentiary standard USCIS applied to the evaluation overall.  Plaintiff argues in its Motion that USCIS "misconstrued the [regulations] and failed to properly consider all record evidence; reached factual conclusions as to the regulatory criteria . . . that were not supported by any evidence in the record; misconstrued the applicable regulations; impermissibly imposed evidentiary requirements beyond those required by Congress;

ORDER – PAGE 13

and erroneously concluded that Plaintiff had not demonstrated that Mr. Ludick was an alien with extraordinary ability." Mot. at 6. Plaintiff makes this sweeping statement but does not actually explain how this establishes that USCIS applied a higher standard of proof than preponderance of the evidence or how any record evidence demonstrates a higher evidentiary standard was applied in USCIS's overall evaluation. What the record does show, as pointed out by USCIS, is the Denial Letter's recitation that Plaintiff failed to meet its burden under the preponderance of the evidence standard. CAR at 8-9. Without any other record evidence to the contrary identified by Plaintiff, the Court cannot conclude that USCIS applied a higher evidentiary standard in its evaluation process.

In its Reply, Plaintiff contends that the denial is missing "any actual application of the preponderance of the evidence standard to the evidence." Reply (Doc. No. 27) at 2. Plaintiff then specifically complains that USCIS did not explain the evidentiary standard, did not apply that standard to the evidence, and did not explain what "material doubts" were raised by the evidence and why the evidence did not satisfy the standard and meet the EB-1 requirements. *Id.* at 2-3. The Court, according to Plaintiff, cannot then ensure that USCIS "engaged in reasoned decision making" as required under the APA. *Id.* The Court notes that Plaintiff made these more specific, if not new, arguments for the first time in its Reply. A new argument cannot be raised for

the first time in a reply brief. *See Liberty Mut. Fire Ins. Co. v. Fowlkes Plumbing, L.L.C.*, — F. App'x —, 2021 WL 911876, at *3 (5th Cir. 2021); *Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F.Supp.2d 545, 551 (N.D. Tex. 200)(Fitzwater, J.). Although the Court is inclined not to consider this argument, the Court nevertheless addresses it because it fails on the merits for the following reasons. As for USCIS not explaining the evidentiary standard or specifically noting its application in discussing the evidence, Plaintiff does not cite any authority requiring as much from USCIS. Nor did Plaintiff provide any authority for the notion that USCIS is required to explain any "material doubts" raised by the evidence. As for any failure to explain why the evidence did not meet the threshold criteria, this in and of itself does not render the decision arbitrary and capricious. *Cf. Visinscaia v. Beers*, 4 F.Supp.3d 126, 130 (D. D.C. 2013) (quoting *Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 286 (1974) ("A decision that is not fully explained, moreover, may be upheld 'if the agency's path may be reasonably discerned.'")). Plaintiff fails to expound on this point. (The Court does address this argument as it relates to specific criteria in its analysis below.)

Plaintiff also suggests that its "voluminous evidence" which was dismissed by USCIS is "proof" that the agency applied a higher evidentiary standard. Reply at 3. As support, Plaintiff cites to all the evidence it submitted with the I-140 Petition as well as in response to the RFE. The Court will not sift through more than 300 pages

ORDER – PAGE 15

of a record in an attempt to find support for this argument.  It is Plaintiff's burden to identify specific items in the record supporting its position.  Additionally, without more specific information, it would be an impossible task to identify if any evidence was "dismissed", which implies refusal to consider, as opposed to evidence USCIS did not give much weight.  Even if evidence had been "dismissed", Plaintiff cites no authority for the proposition that a higher evidentiary standard is automatically applied if USCIS dismisses a certain amount of evidence.  "In evaluating the evidence, . . . 'truth is to be determined not by the quantity of evidence alone but by its quality.'"  *Matter of Chawathe*, 25 I & N Dec. 369, 376 (AAO 2010).  Plaintiff did not show USCIS "dismissed" voluminous evidence and, even so, Plaintiff has not established that a higher evidentiary standard was applied.  *See id.*

The record before the Court simply does not support Plaintiff's "broad" argument that USCIS applied a standard higher than the preponderance of the evidence standard in its evaluation of the I-140 Petition.  Plaintiff has not met its burden of showing USCIS's decision was arbitrary, capricious, or otherwise not in accordance with the law on this basis.

## 2.     Expert Opinion Letters

The Court turns now to the expert opinion letters.  Plaintiff contends it "submitted multiple expert opinion letters in its original petition and its Request for

ORDER – PAGE 16

Evidence (RFE) response as evidence of Mr. Ludick's original contribution to the field" and USCIS "wrongly rejected" them.  Mot. at 6.  To support its argument, Plaintiff quotes USCIS's statement in the Denial Letter that "while the letters provide insight into the beneficiary's work and on how he contributed to ZPHGA, the letters fail to establish that the beneficiary has made any original contributions to the field."  *Id.* Plaintiff complains this was improper because USCIS did not question the experts' credentials or their knowledge of Mr. Ludick's skills and did not give any reason to "doubt the veracity of their testimony" which "runs afoul of the agency's own guidance."  *Id.*  Plaintiff asserts that these letters "satisfied the evidentiary requirement and [were] improperly rejected in violation of APA."  *Id.*  USCIS responds that an expert opinion letter may be rejected or given less weight if not "in accord with other information in the record" or if USCIS finds the letter "in any way questionable."  Resp. Brief (Doc. No. 26-1) at 8.  USCIS urges that Plaintiff's challenge to the treatment of these letters boils down to the weight USCIS chose to give them, and the Court may not review that in this APA review.  Plaintiff replies that, again, it is simply seeking to ensure that USCIS's own evidentiary standard for these letters is applied, and that USCIS failed to provide any analysis or application of that standard to the letters.

It is not clear to the Court, but to the extent Plaintiff seeks to expand this argument to apply to all expert opinion letters submitted in support of multiple criteria,

ORDER – PAGE 17

the Court will not consider such argument.  In its Motion, Plaintiff challenges the treatment of only those letters submitted as evidence of Mr. Ludick's original contribution to the field.  However, in its Reply, Plaintiff refers very generally to the "expert opinion letters" it submitted in support of the I-140 Petition and USCIS's rejection of those letters without explanation.  Reply at 3-4.  It appears that Plaintiff again raises a new argument for the first time in its Reply and, to the extent that was Plaintiff's intention, the Court will not consider this expanded basis.  *See Liberty Mut. Fire*, — F. App'x —, 2021 WL 911876, at *3; *Weber*, 455 F.Supp.2d at 551. Accordingly, the Court's analysis focuses on the argument set forth in the Motion.

Plaintiff cites to a Policy Memo, USCIS, Evaluation of Evidence Submitted with Certain Form I-140 Petitions ("Policy Memo"), PM-602-0005.1 (Dec. 22, 2010), for USCIS's guidance to adjudicating officers with respect to expert letters:

> USCIS officers should take into account the probative analysis that experts in the field may provide in opinion letters regarding the significance of the alien's contributions in order to assist in giving an assessment of the alien's original contributions of major significance . . . . Letters that specifically articulate how the alien's contributions are of major significance to the field and its impact on subsequent work add value.

Policy Memo at 8.  In the RFE, USCIS stated that, "While the letters provide insight into the beneficiary's work and on how the beneficiary contributed to ZPHGA, the letters fail to establish that the beneficiary has made any original contributions to the

ORDER – PAGE 18

field." CAR at 17. In the subsequent Denial Letter, USCIS noted that the opinion letters Plaintiff submitted, both initially and in response to the RFE, "describe [Mr. Ludick's] contributions to ZPHGA's licensing exam" and "demonstrate[ ] that [Mr. Ludick's] contributions may have impacted the association," but those letters do "not establish that the business related contributions went beyond the association and the association's clients and impacted or been of major significance to the field as a whole." *Id.* at 7-8. USCIS then determined that "[t]he evidence does not demonstrate the major significance of [Mr. Ludick's] original contributions." *Id.* at 8. The Court concludes that the record demonstrates USCIS did consider the expert opinion letters rather than "reject" them as Plaintiff contends. *Id.* at 7-8. These statements reflect the expert opinion letters were taken into account and considered by USCIS in determining whether Plaintiff satisfied that evidentiary criterion, and this is in accordance with USCIS guidance. *See* Policy Memo at 8. That the letters may not have swayed USCIS in its determination or been given the weight that Plaintiff hoped does not equate to USCIS failing to accord those letters relevance and credibility under the Policy Memo. *See* Mot. at 4 ("In assessing the supporting evidence, USCIS guidance requires that adjudicating officers accord expert reference letters relevance and credibility.").

ORDER – PAGE 19

Regardless, USCIS is permitted to reject an expert opinion letters or to give it less weight in light of other information in the record as well as simply because "it is in any way questionable." *Matter of Skirball Cultural Ctr.*, 25 I. & N. Dec. 799, 805-06 (AAO 2012); *see Matter of Caron Int'l, Inc.*, 19 I. & N. Dec. 791, 795 (Comm'r 1988) ("Nevertheless, since [USCIS] is responsible for making the final determination regarding a beneficiary's eligibility for the benefit sought, where [expert] opinion is not in accord with other information or is in any way questionable, [USCIS] is not required to accept or may give less weight to that evidence."). Plaintiff acknowledges this in its Motion, but contends that "where USCIS does not 'question the credentials of the experts, take issue with their knowledge of the [beneficiary's] skills, or otherwise find reason to doubt the veracity of their testimony . . . expert testimony satisfies the evidentiary requirement." Mot. at 5 (quoting *Matter of Skirball Cultural Ctr.*, 25 I. & N. Dec. at 806); *see also* Reply at 4. USCIS did not question these experts' credentials, take issue with their knowledge, or find any other reason to doubt the truthfulness of their testimony, and, as a result, Plaintiff argues its expert opinion letters satisfy the evidentiary requirement and USCIS improperly rejected them in violation of the APA. Mot. at 6.

What the AAO actually concluded was:

> In the present matter, the director did not question the credentials of the experts, take issue with their knowledge of the group's musical

> skills, or otherwise find reason to doubt the veracity of their testimony. The AAO finds the uncontroverted testimony to be reliable, relevant, and probative as to the specific facts in issue. Accordingly, the expert testimony satisfies the evidentiary requirement at 8 C.F.R. § 214.2(p)(6)(ii)(A).

*Matter of Skirball Cultural Ctr.*, 25 I. & N. Dec. at 806.  It is readily apparent that Plaintiff took language out of context and omitted very relevant information within that conclusion which makes clear the AAO's determination was case specific.  Plaintiff attempts to fashion an evidentiary rule that does not exist.  The AAO clearly did not create an evidentiary rule that USCIS must "question the credentials of the experts, take issue with their knowledge of the [beneficiary's] skills, or otherwise find reason to doubt the veracity of their testimony" otherwise the expert testimony satisfies the statutory evidentiary requirement and must be considered with full weight given.

Plaintiff argues there is no reasoned decision-making because USCIS rejected the letters "without detailing any way that they contradicted other information in the record, without explaining how they were in any way questionable, without questioning the experts' credentials, and without detailing any reason to doubt the truth of the experts' testimony."  Reply at 4.  Even if USCIS had rejected the letters, which the Court does not conclude, there is simply no support for this assertion.  The legal authority confirms the discretion USCIS has in according weight, if any, to expert

ORDER – PAGE 21

opinion letters.  *See Matter of Skirball Cultural Ctr.*, 25 I. & N. Dec. at 805-06; *Matter of Caron Int'l, Inc.*, 19 I. & N. Dec. at 795.

### 3.   Conclusion

Plaintiff failed to show that USCIS applied the wrong evidentiary scale in considering and weighing Plaintiff's evidence overall in evaluating the I-140 Petition as well as the expert opinion letters. Accordingly, Plaintiff has failed to establish USCIS's decision was arbitrary, capricious, or otherwise not in accordance with the law based on its argument regarding application of the wrong evidentiary standard.

### B.   Evidentiary Criteria under § 204.5(h)(3)

The Court turns now to Plaintiff's Motion as it relates to the evidentiary criteria under § 204.5(h)(3).  Plaintiff argues generally that USCIS "failed to assess multiple factors supporting Mr. Ludick's level of expertise and importance in the field, including his critical contributions to conservation efforts in Africa, which he has continued in the U.S., and his contributions to Plaintiff and to the U.S. energy industry more broadly."  Mot. at 6.  Plaintiff then takes each evidentiary criterion in turn, addressing how USCIS's decision was arbitrary and capricious as to the six criteria Plaintiff challenges.  USCIS responds that the Court may not re-weigh the evidence in reviewing USCIS's decision, but even so, its decision that Plaintiff failed to meet its burden did not violate the APA.  Plaintiff replies that despite the detail USCIS may have included

ORDER – PAGE 22

in its analysis of the evidence submitted for the criteria, if a higher evidentiary scale was applied, the decision was arbitrary and capricious, and therefore in violation of the APA.

In its Denial Letter, USCIS determined that Plaintiff's evidence showed Mr. Ludick commands a high salary compared to others in his field, so that criteria was met. *See* § 204.5(h)(3)(ix); CAR at 7.  Therefore, Plaintiff need only establish USCIS's decision was arbitrary and capricious as to two other criteria.

### 1.  Membership in association requiring outstanding achievement

This criterion requires "[d]ocumentation of the alien's membership in associations in the field for which classification is sought, which require outstanding achievements of their members, as judged by recognized national or international experts in their disciplines or field."  § 204.5(h)(3)(ii).  To establish this second criterion, Plaintiff submitted evidence that Mr. Ludick was a member of ZPHGA which requires its members obtain a Zimbabwe Professional Hunter and Guide License, "a long and arduous journey" that includes a multi-year apprenticeship, written exam, shooting exam, oral interview, and a week-long field exam.  CAR at 6, 196-97; Mot. at 9.  This evidence consisted of four letters and a copy of Mr. Ludick's Zimbabwe Professional Hunter and Guide License as well as his resume.  CAR at 204-08, 327-30, 332, 335, 340, 342-45.  USCIS notified Plaintiff in the RFE that the evidence

ORDER – PAGE 23

submitted, although indicative of how difficult the membership process is, did not establish that ZPHGA membership was granted based on outstanding achievements. CAR at 166.  In response to the RFE, Plaintiff stated that "only the best of the best ultimately become licensed ZPHGA hunters and guides" and that "[t]he training and ascension to professional status is rigorous, taking decades to complete, and those that hold the title are recognized around the world as preeminent professional experts." CAR at 23.  Plaintiff referred again to the evidence submitted originally but also submitted additional evidence, including several letters describing, among other things, the lengthy and difficult process to obtain a hunting license in Zimbabwe and the national and international reputation of that license.  *Id.* at 23-24, 34-35, 41-43, 45, 48-49, 52-53, 55-56, 58-60.  In its Denial Letter, USCIS acknowledged the additional evidence Plaintiff submitted, noting that it "describe[s] the difficult process in obtaining a hunting license in Zimbabwe."  *Id.* at 6.  USCIS then concluded that Plaintiff "has not submitted any evidence that [Mr. Ludick]'s membership was granted based on previous outstanding achievements."  *Id.* at 6.  USCIS decided that the criterion was not met.

The Court turns first to USCIS's reason for its decision.  In its Response, USCIS contends that "[t]he record evidence clearly supports the agency's determination that ZPHGA's membership requirements do not requirement [sic] any 'outstanding

ORDER – PAGE 24

achievement' by the proposed member." Resp. at 15. But USCIS stated in the Denial Letter that Plaintiff "has not submitted any evidence that [Mr. Ludick]'s membership was granted based on previous outstanding achievements." CAR at 6. The reason offered in the Response infers that USCIS considered the evidence and ultimately determined ZPHGA does not require any outstanding achievement of its members. Whereas, the stated reason in the Denial Letter centers solely on Plaintiff's failure to submit any evidence that membership was granted based on outstanding achievement. "A reviewing court 'must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis.'" *Eguchi*, 2017 WL 2902667, at *3 (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). In this instance, USCIS's decision on this criterion rests solely on USCIS's stated reason that Plaintiff's "has not submitted any evidence that [Mr. Ludick]'s membership was granted based on previous outstanding achievements." CAR at 6. Therefore, the Court will analyze this issue on the grounds stated in the Denial Letter.

In this review, the Court is tasked with determining "whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Redeemed Christian Church of God*, 331 F.Supp.3d at 694. This criterion

ORDER – PAGE 25

required only that Plaintiff present documentary evidence of membership in an association in Mr. Ludick's field and which requires "outstanding achievements of their members, as judged by recognized national or international experts in their disciplines or field." § 204.5(h)(3)(ii). USCIS does not dispute Mr. Ludick's membership in ZPHGA, which satisfies the first part of this criterion. Resp. Brief at 14. USCIS takes issue with Plaintiff's evidence as to demonstrating outstanding achievement required of ZPHGA's members. Plaintiff submitted evidence that ZPHGA requires its members hold a Zimbabwe Professional Hunter and Guide License and also evidence which, in USCIS's own words, "describe[s] the difficult process in obtaining a hunting license in Zimbabwe." *See, e.g., id.* at 34, 45, 327-330, 332, 342-45. A review of this evidence in the administrative record reveals Plaintiff submitted at least some evidence that an outstanding achievement is required of ZPHGA members—for example, a Zimbabwe Professional Hunter and Guide License is required for membership in ZPHGA, the process for obtaining that license takes several years to complete and involves multiple exams, the license is held in high regard nationally and internationally, and the license is the hardest to obtain in all of Africa, with, on average, fewer than 10% of candidates passing the shooting exam and only 30-40% passing the interview process the first time. *See, e.g., id.* at 34, 45, 206-07, 327-330, 332, 342-45.

ORDER – PAGE 26

USCIS itself acknowledges that Plaintiff's evidence demonstrates "the difficult process in obtaining a hunting license in Zimbabwe." CAR at 6. Yet, USCIS summarily concluded that Plaintiff "has not submitted any evidence that [Mr. Ludick]'s membership was granted based on previous outstanding achievements." *Id.* The Denial Letter fails to provide any explanation as to why Plaintiff's evidence regarding the Zimbabwe Professional Hunter and Guide License does not constitute "any evidence" of "outstanding achievement" of ZPHGA's members. *See Rubin v. Miller*, 478 F.Supp.3d 499, 506, 508 (S.D. N.Y. 2020) (USCIS's failure to address why documentation in record was not evidence of specific criteria was arbitrary and capricious). The Court cannot conclude as a matter of law that the evidence in the administrative record permitted USCIS to determine Plaintiff had not met this criterion. *See Delta Found.*, 303 F.3d at 563; *Redeemed Christian Church of God*, 331 F.Supp.3d at 694.

Based on the record, USCIS could not have rationally concluded that Plaintiff did not submit any evidence that ZPHGA requires an outstanding achievement of its members. *Cf. Braga v. Poulos*, 2007 WL 9229758, at *5 (C.D. Cal. July 6, 2007) (alien submitted evidence of membership in Brazilian Jiu-Jitsu organizations and also that he received a second-degree black belt in Brazilian Jiu-Jitsu, but he "has not shown, for instance, that any of these organizations require a second-degree black belt to join.").

Plaintiff presented at least some evidence on this criterion and USCIS failed to address why that evidence was not evidence of "outstanding achievement" required of ZPHGA members.  *See Rubin*, 478 F.Supp.3d at 508; *Muni v. I.N.S.*, 891 F.Supp. 440, 444 (N.D. Ill. 1995) (finding that then-Immigration and Naturalization Service "acts without rational explanation (and therefore abuses its discretion) 'when it fails to weigh important factors and to state its reasons for denying relief.'").  Plaintiff has, therefore, satisfied its heavy burden that USCIS's decision as to this criterion was arbitrary or capricious.  *See Eguchi*, 2017 WL 2902667, at *1.

### 2.    Judge of the work of others

This criterion requires "[e]vidence of the alien's participation, either individually or on a panel, as a judge of the work of others in the same or an allied field of specification for which classification is sought." § 204.5(h)(3)(iv).  Plaintiff submitted letters showing that, from 2006-2017, Mr. Ludick was an examiner for the joint examination committee of ZPHGA and Zimbabwe's Parks and Wildlife Management Authority.  CAR at 198; *see, e.g., id.* at 350-51, 353-54, 357.  In this role, Mr. Ludick examined prospective professional hunters and guides attempting to get their professional license.  *Id.*  In the RFE, USCIS noted that the letters established Mr. Ludick served as in this capacity as part of his job "and that he was not invited to serve as a judge." *Id.* at 15.  USCIS asked for additional evidence to demonstrate that he

ORDER – PAGE 28

"participated in the judging of the work of others for which he was invited." *Id.* In response, Plaintiff stated that "Mr. Ludick was chosen to serve as an examiner, and ultimately as chief examiner, for the ZPHGA licensing examination based on his professional skill, merit, and reputation." *Id.* at 26. Plaintiff further noted that Mr. Ludick's role as an examiner "was not attained based on his job with ZPHGA, rather he was chosen based on his expertise." *Id.* Plaintiff submitted further evidence in support of this criterion, including multiple letters. *Id.* at 34-35, 41-43, 48-49, 52-53, 131-32. In its Denial Letter, USCIS concluded that the evidence "suggests that [Mr. Ludick] was hired for this position and was not invited to serve in this position" and that "[d]uties or activities that nominally fall within a given criterion at 8 C.F.R. Section 204.5(h)(3) do not demonstrate national or international acclaim if they are inherent to the occupation itself such as professor or teacher judging the work of his students." *Id.* at 7. USCIS then determined the evidence did not meet this criterion.

Plaintiff argues that USCIS's decision was arbitrary and capricious because: (1) it imposed an extra-regulatory requirement that Mr. Ludick must have been invited to serve as a judge rather than as part of his job; and (2) it misconstrued the evidence by improperly inferring that Plaintiff was hired for his role as examiner. Mot. at 8. Turning first to the extra-regulatory requirement, the clear language of § 204.5(h)(3)(iv) requires evidence that Mr. Ludick, individually or as part of a panel,

ORDER – PAGE 29

acted "as judge of the work of others in the same or an allied field of specification for which classification is sought." This statutory language does not require that Mr. Ludick was invited to serve as a judge or that he served as a judge outside of his job, both of which were the reasons articulated for USCIS's decision.

The Court "must judge the propriety of such action solely by the grounds invoked by the agency." *Eguchi*, 2017 WL 2902667, at *4 (quoting *SEC v. Cheney*, 332 U.S. 194, 196 (1947)). USCIS's reasoning "rests on an improper understanding of 8 C.F.R. § 204.5(h)(3)(iv)." *See Kazarian*, 596 F.3d at 1121 (affirming AAO erred in concluding that petitioner was required to show he acted as a dissertation reviewer for a university other than the one with which he was affiliated). It is well-established that USCIS "may not unilaterally impose a novel evidentiary requirement." *Id.* at 1121-22. This criterion "does not require that the petitioner show he judge the work of others outside of his or her job." *Kinuthia*, 2018 WL 1243955, at *5 (concluding that USCIS erred in imposing requirement on petitioner that he participate in judging outside of his job). Likewise, this criterion does not require that the petitioner was invited to judge the work of others. USCIS unquestionably imposed a "novel, evidentiary requirement," and, so, the Court concludes USCIS erred in its determination of this criterion. *See Kazarian*, 596 F.3d at 1121-22 ("Again, while the AAO's analysis might

be relevant to a final merits determination, the AAO may not unilaterally impose a novel evidentiary requirement.").

Plaintiff submitted evidence that Mr. Ludick served as a co-examiner and also chief examiner of the Joint Examination Committee for several years examining prospective hunters and guides trying to obtain their Zimbabwe Professional Hunter and Guide License. Plaintiff was not required to submit any evidence that Mr. Ludick was invited to serve as a co-examiner or chief examiner or that this was not part of his job. *See Kazarian*, 596 F.3d at 1121 (affirming AAO erred in concluding that petitioner was required to show he acted as a dissertation reviewer for a university other than the one with which he was affiliated).  Plaintiff has satisfied its heavy burden that USCIS's decision as to this criterion was arbitrary or capricious. *Eguchi*, 2017 WL 2902667, at *1.  Because the decision was arbitrary and capricious on that basis, the Court need not address Plaintiff's argument that USCIS erroneously construed Plaintiff's evidence in concluding Mr. Ludick served as an examiner as part of his job.

### 3.  Remaining Evidentiary Criteria

USCIS determined that Plaintiff presented sufficient evidence that Mr. Ludick commanded a high salary in relation to others in the field, thereby meeting one criterion, § 204.5(h)(3)(ix).  CAR at 8.  Therefore, Plaintiff needed to establish USCIS's decision was arbitrary and capricious only as to two other criteria.  *See*

ORDER – PAGE 31

§ 204.5(h)(3) (alien may prove sustained acclaim or recognition with evidence of at least three criteria).  Because Plaintiff satisfied its heavy burden to show that USCIS's decision was arbitrary and capricious with respect to two criteria, the Court need not address whether USCIS's decisions on the remaining criteria were also arbitrary and capricious.  *See Eguchi*, 2017 WL 2902667, at *5.

### C.    Remand

Plaintiff asks the Court to remand the matter with instructions that USCIS approve the I-140 Petition within ten days.  Pl's Compl. at 16; *see* Reply at 9.  When an agency acts arbitrarily or capriciously, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).  The Court will remand but not with such instructions as sought by Plaintiff.  This matter will be remanded to USCIS for further proceedings consistent with this Memorandum Opinion and Order.

ORDER – PAGE 32

## IV.    Conclusion

For the foregoing reasons, Plaintiff met its heavy burden of showing USCIS's decision was arbitrary or capricious as a matter of law.  Therefore, the Court **grants** Plaintiff's Motion for Summary Judgment.   This case is hereby **remanded** to Defendant U.S. Citizenship and Immigration Services for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**

Signed March 31st, 2021.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE

ORDER – PAGE 33